Michael R. Brooks, Esq. (CA Bar No. 167315)
Kelsey Luu, Esq. (SBN: 315593)
GHIDOTTI BERGER LLP
1920 Old Tustin Avenue
Santa Ana, CA 92705
Ph: (949) 427-2010
Fax: (949) 427-2732
mbrooks@ghidottiberger.com
bknotifications@ghidottiberger.com

Attorney for
Unified Mortgage Service, Inc., Brilena, Inc.,
Michael Bumbaca and Adele Bumbaca, Equity Trust
Company Successor in Interest to First Regional
Bank, as custodian FBO Robert Pastor IRA Acct.
No. 051236, Equity Trust Company as Custodian
FBO Charles A. Gurule Jr. IRA Account #T058685,
and Robert C. Edwards, and Equity Trust Company
Custodian FBO Robert B. Pastor IRA Account
#T058686.

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br>SONIA LOPEZ<br><br>                Debtor.<br>_____<br><br>SONIA LOPEZ<br><br>                Plaintiff,<br>vs.<br><br>Unified Mortgage Service, Inc.; and Brilena, Inc.; and Michael Bumbaca and Adele Bumbaca; and Equity Trust Company Successor in Interest to First Regional Bank as Custodian FBO Robert Pastor IRA Acct. No. 051236; and Equity Trust Company as Custodian FBO Charles A. Gurule Jr. IRA Account #T058685; and Robert C. Edwards; and Equity Trust Company Custodian FBO Robert B. Pastor IRA Account #T058686; and Capital Benefit Mortgage, Inc.<br><br>                Defendants. | Case No.: 23-10947-A-13F<br>Chapter 13<br>ADVERSARY NO. 23-01039<br><br>**DEFENDANTS PRETRIAL STATEMENT** |

Michael R. Brooks, Esq. of Ghidotti Berger LLP, attorney for Unified Mortgage Service, Inc., Brilena, Inc., Michael Bumbaca and Adele Bumbaca, Equity Trust Company Successor in Interest to First Regional Bank, as custodian FBO Robert Pastor IRA Acct. No. 051236, Equity Trust Company as Custodian FBO Charles A. Gurule Jr. IRA Account #T058685, and Robert C. Edwards, and Equity Trust Company Custodian FBO Robert B. Pastor IRA Account #T058686, hereby files this Pretrial Statement as ordered by this Court. [Doc. 145]. Defendants file this Pretrial Statement despite the Plaintiff's failure to timely file her Pretrial Statement.

## I.     SUMMARY

The Debtor has filed this seventh (7th) bankruptcy case and only been able to complete one case to discharge. The Debtor acknowledges that that she is years in monthly payments in default resulting in multiple foreclosure actions being commenced. Having created total chaos, the Debtor imputes bad faith unto lenders and mortgage servicers who are simply trying to collect monies that they are owed. The alleged bad faith is so obscure that the Debtor intends to use an expert to point out how payments have allegedly been misapplied. The Debtor has also made significant misrepresentations of fact to this Court. In particular, the Debtor appealed her eviction from her residence in Las Vegas despite her claim that she lives in Visalia, California. In addition, the Debtor reports income from Schedule I as a counselor in Henderson, Nevada. The Debtor is even trying to litigate issues related to prior bankruptcies wherein she failed to object to proofs of claims. She is now trying to relitigate them in the wrong court. To make matters worse, Debtor also argues that the provisions of 3002.1 apply to her loan despite the fact that she the only bankruptcy petition that references the Property as her residence was filed in 2023. For the reasons set forth herein, the Debtor is not able to meet her burden of proof in this matter.

## II.     SUMMARY OF CASE

Unified Mortgage Service, Inc. ("UMSI"), the loan servicing agent for the promissory note secured by a deed of trust and held by Brilena, Inc.; and Michael

Bumbaca and Adele Bumbaca; and Equity Trust Company Successor in Interest to First Regional Bank as Custodian FBO Robert Pastor IRA Acct. No. 051236; and Equity Trust Company as Custodian FBO Charles A. Gurule Jr. IRA Account #T058685; and Robert C. Edwards; and Equity Trust Company Custodian FBO Robert B. Pastor IRA Account #T058686 (collectively, the "Lenders").

The promissory note payable to the Lenders was made, executed and delivered by Sonia Lopez on August 29, 2007 in the original principal amount of $80,000.00 (the "Note"). The Note was secured by a Deed of Trust (the "Deed of Trust") on the real property located at 819 N. Divisadero St., Visalia, California (the "Property").

Since the origination of the Loan to Ms. Lopez, she has filed bankruptcy seven (7) times as follows:

**a.** 09-90730 USBC California, Eastern District (Dismissed);

**b.** 09-91977 USBC California, Eastern District (Dismissed);

**c.** 11-94324 USBC California, Eastern District (Dismissed);

**d.** 15-14086 USBC Nevada (Discharged);

**e.** 21-11266 USBC Nevada (Dismissed);

**f.** 21-12418 USBC Nevada (Dismissed);

**g.** 23-10947 USBC California, Eastern District (Pending).

In every bankruptcy except for the instant filing, Ms. Lopez has stated that her address was in Las Vegas, Nevada. In fact, the Debtor claimed that the Property was a rental property in both 2009 bankruptcies. In addition, the Debtor filed bankruptcy in 2015 while she resided in Las Vegas, Nevada and did not claim the Property as her primary residence.

Ms. Lopez states that she moved back to Visalia in 2021. However, this statement is contradicted by the sworn statements she made in January 2023 and the argument of her attorney last month in July 2024. In Nevada bankruptcy case number 21-12418-MKN, Ms. Lopez proposed a Chapter 11 Plan of Reorganization in 2023 which stated

1　that she was going assume the "Lease agreement for residence at 4287 El Antonio Place,
2　Las Vegas, Nevada 89121."

3　　Moreover, USMI has learned that the owners of the El Antonio Place property
4　attempted to evict Ms. Lopez in May 2024. In the minutes for the eviction hearing,
5　counsel for Ms. Lopez stated that: "Tenant still resides in the property and is behind on
6　rent." Also reflected in the minutes is the fact that Ms. Lopez addressed the Court and
7　mentioned that she had filed bankruptcy in California as case no. 23-10947.

8　　After summary eviction was granted, Ms. Lopez appealed the decision to the Clark
9　County District Court on July 8, 2024. In addition, Ms. Lopez' Amended Schedules I & J
10　[Doc. 88] reveal that she continues her work as a therapist in Henderson, Nevada for
11　Supportive and Behavioral Counseling of Las Vegas, LLC ("SBCLV"). A review of the
12　Nevada Secretary of State's publicly available records reveals that Ms. Lopez is the
13　Managing Member of SBCLV and its resident agent. As indicated in the Nevada
14　Secretary of State's entity information sheet, Ms. Lopez' business address is 3440 E.
15　Russell Rd., Las Vegas, Nevada.

16　　Based on the foregoing, it is believed that Ms. Lopez has not properly brought this
17　bankruptcy in the correct jurisdiction and has made material false statements to this court.

18　　The Debtor also offered the Declaration of Bernard Jay Patterson that does not
19　accurately reflect the status of this account. First, Mr. Patterson's analysis assumes that
20　all payments were timely made. However, many of the payments made were late
21　resulting in additional interest accrual and late charges.

22　　In addition, Mr. Patterson assumes that the Debtor had a valid objection to the
23　2015 Proof of Claim. Ms. Lopez never objected to the Proof of Claim in the 2015 bankruptcy.
24　Accordingly, UMSI applied all payments first to the longest outstanding principle and
25　interest payment due. As a result, the due dates on the loan were advanced based on the
26　payments made.

27　　UMSI applied payments from the trustee to pay property taxes or other expenses
28　which were included in its claim from the 2015 bankruptcy.

Secondly, Mr. Patterson assumes that the provisions of FRBP 3002.1 were applicable to this loan. Specifically, in his expert report at paragraph 39, Mr. Patterson states: "There were no 3002.1 notices or any other notices seeking approval of additional post-petition late charges during the 2009 Bankruptcy."

UMSI is also informed and believes that the Debtor currently resides in Las Vegas, Nevada. As a result, UMSI does not believe that the Property was ever owner occupied.

Third, at all times, UMSI is informed and believes that it was entitled to recover its fees and costs as its claims was fully secured.

Fourth, the fees charged by counsel for UMSI and believe that they are reasonable. It is important to recognize that each of the Debtor's bankruptcy filings required extensive involvement of counsel. There were multiple Proofs of Claims, multiple motions for relief, several motions to dismiss the bankruptcies by the trustee. As a result, the fees on all of the bankruptcy cases were quite extensive. All fees charge in connection with this Note and Deed of Trust where there is an over secured claim were reasonable.

UMSI has reviewed the proofs of claims and believe that they were accurate. Moreover, UMSI has not seen anything contained in the expert report from Mr. Patterson which would cause UMSI to change its opinion.

Plaintiff filed a Motion for Summary Judgment which included the expert report of Jay Patterson. The court identified many issues with the expert report which precluded the entry of summary judgment. Those factual issues have not been fixed and the Plaintiff is not able to meet her evidentiary burden.

In addition to the factual issues, the Plaintiff has significant procedural issues as well. First, the Plaintiff is now acting in pro per since the withdrawal of her counsel. Secondly, the Plaintiff failed to timely file her Pretrial Statement on March 11, 2025 as ordered by this Court.

### III. LEGAL ARGUMENT

**A. The Debtor is Unable to Overcome the Presumption of Validity of the Proof of Claim and UMSI is able to fully substantiate its Proof of Claim.**

The relative burdens of proof are critical to the analysis of this case. This is particularly true where UMSI timely filed its Proof of Claim in this matter, and every prior bankruptcy. As a result of filing its proof of claim, UMSI receives the benefit of a presumption of validity. 11 U.S.C. § 502; FRBP 3001(f). Importantly, the presumption applies to every proof of claim ever filed by UMSI in that the Debtor never objected to any of the previously filed proofs of claim.

Moreover, the numbers are fully substantiated based on payment applications. UMSI has been in the business of servicing loans for decades and is perfectly capable of complying with the requirements of any bankruptcy. Moreover, the Debtor is attempting to make an issue of the application of payments in prior bankruptcies. Given the presumptions that apply, the Debtor is limited to challenging the calculations as of the last bankruptcy filing.

Nevertheless, the Debtor intends to offer the testimony of an expert who has offered an opinion on the servicing of the Loan that goes back to the origination of the loan. In the end, the expert testimony is likely irrelevant because it spends almost no attention to the missed payments following the debtor's last bankruptcy.

**B. Debtor is not entitled to declaratory relief as a matter of law as there is no evidence of fraud and numerous factual and legal questions.**

While the Debtor's case is generally a mess and is difficult to understand, it appears that the Debtor is seeking judgment on the first and fourteenth causes of action which seek declaratory relief. The causes are premised upon the alleged violations of the bankruptcy code. The Debtor's problem is that she has not first established that there was a violation of the bankruptcy code or that there is any actual accounting problem. Only after the Debtor has met its burden does the burden shift to USMI and the Lenders to present evidence in opposition.

The Debtor's evidence consists of the testimony of an expert, Jay Patterson. That expert has allegedly recreated the account as it goes back through six (6) prior bankruptcies.

Importantly, Mr. Patterson makes the following erroneous assumptions throughout the life of the loan which are incorrect:

- Mr. Patterson assumes that FRBP 3002.1 is applicable to the loan from its commencement despite the fact that the Debtor has not lived in the Property during most of the prior bankruptcies. As a result, there would be no obligation to provide expense notices pursuant to FRBP 3002.1;
- Mr. Patterson assumes that FRBP 2016 is applicable despite the fact that the 9th Circuit law provides that oversecured creditors are not required to make applications for fees pursuant to FRBP 2016. *In re Atwood*, 293 B.R. 227, 232 (B.A.P. 9th Cir. 2003);
- Mr. Patterson assumes that all trustee payments for post-petition arrears would only go to cure principal and interest despite the fact that each proof of claim filed contained provisions for fees and costs; and,
- Mr. Patterson ignores the fact that a proof of claim which has not been objected to is presumed valid under 11 U.S.C. §502. As a result, Mr. Patterson's testimony and analysis is not relevant to anything before the proof of claim was filed in the 2015 bankruptcy.

With all of the flaws in Mr. Patterson's testimony, the Debtor has no evidence to support its contention that the amounts received and applied by UMSI are not properly applied. Debtor cannot prove that UMSI and Lenders committed account and billing errors which overstated the delinquent mortgage payments as alleged.

Even if Mr. Patterson's testimony was enough, UMSI will offer the testimony of Ms. Michele Canty to show that it applied payments received from the bankruptcy trustee to the proof of claim and to post-petition payments pursuant to the Plan.

Debtor cannot meet its primary evidentiary obligation at trial and UMSI's evidence that disputes the Debtor's contention, judgment on any of the declaratory relief claims must be entered for Defendants.

**C. UMSI did not violate Rule 2016, Rule 3002.1 or the Automatic Stay of 11 U.S.C. section 362.**

The Debtor's arguments of violations of the Bankruptcy Code and Rules are legally flawed. The Debtor argues that UMSI violated rule 2016 by recovering attorneys fees under the Note and Deed of Trust. However, there are two problems with this argument. First, the 9th Circuit has held that oversecured creditors as defined by 11 U.S.C. § 506(b) are not required to comply with the provisions of 2016 to recover attorneys fees provided for by contract. *In re Atwood*, 293 B.R. 227, 232 (B.A.P. 9th Cir. 2003). In the present case, UMSI filed proofs of claims to recover the expenses it incurred and has provided evidence of their reasonableness.

Secondly, the Debtor seeks to enforce the violations of 2016 that allegedly occurred during her bankruptcies in Nevada. Accordingly, the Debtor should address the issue before the Nevada bankruptcy court. Filing a complaint before this Court is an impermissible collateral attack on the proceedings before the Nevada bankruptcy court.

With regard to the alleged 3002.1 violations, the Debtor apparently missed the language of the statute which states that "This rule applies in a chapter 13 case to claims (1) that are secured by a security interest in the debtor's principal residence . . ." The Property was not claimed to be the Debtor's principal residence until 2023. As a result, because most of the alleged 3002.1 violations occurred when the Debtor was living in Nevada, there can be no violations of 3002.1. Moreover, there is substantial evidence that the Property is not now currently the Debtor's principal residence.

With regard to the alleged violations of the automatic stay, the Debtor bases those allegations on expert testimony that the UMSI and Lenders overcharged for fees and expenses. As we have seen above, the expert testimony is fatally flawed and not worthy of evidence.

1    Further, the determination regarding alleged violations of the automatic stay must
2    be made by the Nevada Bankruptcy Court in the 2015 bankruptcy. It is not within this
3    Court's jurisdiction to enforce the automatic stay imposed in another matter before a
4    different district. *Regions Bank v. J.R. Oil Co., LLC*, 387 F.3d 721, 731 (8th Cir. 2004).

### D. This Court lacks jurisdiction to enforce contempt in connection with the 2015 bankruptcy.

The Debtor alleges that this Court can enforce alleged violations of the automatic stay and contempt for actions taken in connection with the 2015 bankruptcy. The Debtor is not in a position to raise those issues before this Court. *Regions Bank v. J.R. Oil Co., LLC*, 387 F.3d 721, 731 (8th Cir. 2004). The 2015 bankruptcy court was fully processed and final orders were entered. If there were activities that must be addressed either through violations of the automatic stay or contempt, they must be brought before the Court in Nevada.

### E. USMI has not violated the Truth In Lending Act.

The borrower again misstates the law with regard to the obligations to send periodic payments. First, UMSI is a small servicer that services fewer than 5,000 loans during a calendar year. 12 CFR 1026.41(e)(4)("***Exemption.*** A creditor, assignee, or servicer is exempt from the requirements of this section for mortgage loans serviced by a small servicer.") UMSI is a small servicer and is not subject to the requirements of sending out periodic payments. There is no basis for imposing any type of damages against UMSI.

## IV.　　CONCLUSION

Based on the foregoing, Defendants respectfully request that this Court deny the Debtor any relief as alleged in its adversary proceeding. Moreover, Defendants request that judgment be entered for the Defendants such that this Court establishes the validity of the Defendants' Proof of Claim.

/ / /

/ / /

| | |
|---|---|
| 1 | DATED this 18th day of March, 2025. |
| 2 | |
| 3 | GHIDOTTI BERGER LLP |
| 4 | |
| 5 | By: /s/ *Kelsey Luu,*<br>Kelsey Luu, Esq. (CA Bar No. 315593)<br>GHIDOTTI BERGER LLP |
| 6 | 1920 Old Tustin Avenue<br>Santa Ana, CA 92705 |
| 7 | kluu@ghidottiberger.com |
| 8 | Attorneys for |
| 9 | Unified Mortgage Service, Inc., Brilena, Inc., Michael Bumbaca and Adele Bumbaca, |
| 10 | Equity Trust Company Successor in Interest to First Regional Bank, as custodian FBO Robert |
| 11 | Pastor IRA Acct. No. 051236, Equity Trust Company as Custodian FBO Charles A. |
| 12 | Gurule Jr. IRA Account #T058685, and Robert C. Edwards, and Equity Trust |
| 13 | Company Custodian FBO Robert B. Pastor IRA Account #T058686 |

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of Ghidotti Berger, and that on the 18th day of March, 2025, I caused to be served a true and correct copy of **DEFENDENTS PRETRIAL STATEMENT** in the following manner:

(ELECTRONIC SERVICE) Under Administrative Order 02-1 (Rev. 8-31-04) of the United States Bankruptcy Court for the District of Nevada, the above-referenced document was electronically filed on the date hereof and served through the Notice of Electronic Filing automatically generated by that Court's facilities.

/s/ Lily Porkalob
An Employee of Ghidotti Berger